**Helen T. KURDZIEL, Executrix of the Estate of Franklin C. Rosebrock, Deceased, Plaintiff-Appellant,**

v.

**PITTSBURGH TUBE COMPANY, Defendant-Appellee.**

**No. 19345.**

United States Court of Appeals
Sixth Circuit.

Sept. 25, 1969.

See also 6 Cir., 416 F.2d 882.

David R. Goldberg, Toledo, Ohio (Lankenau & Lankenau, Napoleon, Ohio, and Cubbon & Rice, Toledo, Ohio, on the brief), for appellant.

Beatrice K. Bleicher, Toledo, Ohio (Fred A. Smith, Toledo, Ohio, on the brief), for appellee; Cobourn, Smith, Rohrbacher & Gibson, Toledo, Ohio, of counsel.

Before PHILLIPS, EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

Decedent Rosebrock was killed in an accident at his employer's dock. A bundle of steel piping fell off of a truck while a co-employee was unloading the truck, crushing and killing Rosebrock. The executrix of his estate sued appellee Pittsburgh Tube on the ground that it loaded the steel pipe on the truck and did so negligently.

The District Judge, after trial of the case without a jury, dismissed plaintiff's complaint in a careful opinion which contained this critical analysis of the most relevant evidence:

"On cross-examination, Travis [the co-employee who was unloading the pipe] admitted that he had not measured the pieces of cribbing; that he had previously given a statement saying that only the center piece of cribbing was short; that the front piece was the same length as always; and that he had no idea why the bundle fell off. He also stated that he came to the conclusion that the cribbing was short, because that is the only way that the steel could have fallen.

"This evidence was countered by the testimony of the third party defendant Barnes, the truck driver, that the pieces of cribbing which were furnished by the defendant were of the standard length; that he inspected the load while he was placing the chain binders, and at least once after that, and saw nothing wrong with it."

The District Judge also found as a fact that Barnes was responsible for placement of the two pieces of cribbing which supported each end of the load. Barnes, of course, was an employee of Glenn Cartage, and no negligence of his could be attributed to appellee Pittsburgh Tube.

On review of the evidence in this record and the findings of fact and conclusions of law of the District Judge, we conclude that the Judge's findings are not clearly erroneous Fed.R.Civ.P. 52 (a).

The judgment is affirmed on the reasoning of the District Judge's opinion 305 F.Supp. 953. The motion of appellee for damages or double costs under Rule 38 of the Rules of Appellate Procedure is denied.